IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CLEMENT THOMAS YOUNG, | * | |
| Petitioner, | * | Civil Action No. RDB-21-2440 |
| v. | * | Criminal Action No. RDB-19-561 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

*Pro se* Petitioner Clement Thomas Young ("Petitioner" or Young") has filed a Motion to Vacate under 28 U.S.C. § 2255. (ECF No. 41.) The Government has opposed the motion. (ECF No. 43.) The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the reasons that follow, Petitioner's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 41) is DENIED.

## BACKGROUND

On November 21, 2019, a federal grand jury in this District returned a four-count indictment charging Young with various narcotics and firearms offenses. (Indictment, ECF No. 1.) On October 15, 2020, Young pled guilty pursuant to a written plea agreement to three counts of the Indictment. (Plea Agreement, ECF No. 31.) Specifically, Young pled guilty to Conspiracy to Distribute and Posses with Intent to Distribute Cocaine and Fentanyl in violation of 21 U.S.C. § 846 (Count One); Possession with Intent to Distribute Cocaine and Fentanyl in violation of 21 U.S.C. § 841 (Count Two); and Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c) (Count Three).

(ECF No. 31 ¶ 1.) Young entered his plea of guilty pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) (*Id.* ¶ 8) and waived appeal (*Id.* ¶ 10.) Young and the Government agreed that the appropriate sentence was 60 months' imprisonment on each of Counts One and Two to run concurrent to one another and 60 months' imprisonment on Count Three to run consecutive to the sentences imposed on Counts One and Two for a total term of imprisonment of 120 months. (*Id.*) At sentencing on February 11, 2021, this Court accepted the parties' agreement and imposed the requested 120-month sentence. (Judgment, ECF No. 33.)

On September 20, 2021, Young filed a timely motion to vacate pursuant to 28 U.S.C. § 2255.[1] (ECF No. 41.) Young argues that he received ineffective assistance of counsel because his attorney did not argue that his charge under § 924(c) was constitutionally defective in light of the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). Young further argues that his conviction on Count Three cannot stand in light of *Davis*.

## STANDARD OF REVIEW

This Court recognizes that the Petitioner is *pro se* and has accorded his pleadings liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside, or correct his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2)

---

[1] While Young's motion was not docketed until September 24, 2021, "[a] self-represented inmate is entitled to the benefit of the prison mailbox rule, under which the court regards a petition or motion as having been filed when delivered to prison authorities for mailing to the court." *Roberts v. McKenzie*, No. AW-12-cv-2474, 2013 U.S. Dist. LEXIS 86607, at *13 (D. Md. June 19, 2013) (citing *Houston v. Lack*, 487 U.S. 266, 276 (1988)). Young's motion is dated and postmarked September 20, 2021.

the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to a collateral attack. *Hill v. United States*, 368 U.S. 424, 426-27 (1962) (citing 28 U.S.C. § 2255).

The scope of a § 2255 collateral attack is far narrower than an appeal, and a "'collateral challenge may not do service for an appeal.'" *Foster v. Chatman*, 136 S. Ct. 1737, 1758 (2016) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)). Thus, any failure to raise a claim on direct appeal constitutes a procedural default that bars presentation of the claim in a § 2255 motion unless the petitioner can demonstrate cause and prejudice, or actual innocence. *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010); *see Dretke v. Haley*, 541 U.S. 386, 393 (2004); *Reed v. Farley*, 512 U.S. 339 (1994); *see also United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999). Conversely, any "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Massaro v. United States*, 538 U.S. 500, 509 (2003).

## ANALYSIS

**I.      Ineffective Assistance of Counsel Claim**

Petitioner claims that he received ineffective assistance of counsel because his attorney failed to argue that the charge under § 924(c) in Count Three was constitutionally defective in light of *Davis*. To state a claim for relief based on a Sixth Amendment claim of ineffective assistance of counsel, a petitioner must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 671 (1984). The first, or "performance," prong of the test requires a showing that defense counsel's representation was deficient and fell below an

3

"objective standard of reasonableness." *Id.* at 688. In making this determination, courts apply a strong presumption that counsel's actions fell within the "wide range of reasonable professional assistance." *Id.* at 688-89. To satisfy the first prong, the Petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound . . . strategy.'" *Id.* at 689. Specifically, Petitioner must identify "the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. The second, or "prejudice" prong, requires that Petitioner demonstrate that his counsel's errors "had an adverse effect on the defense." *Id.* at 693. In applying the *Strickland* test, the United States Court of Appeals for the Fourth Circuit has noted that there is no reason to address both prongs if the defendant makes "'an insufficient showing on one.'" *Moore v. Hardee*, 723 F.3d 488, 500 (4th Cir. 2013) (quoting *Strickland*, 466 U.S. at 697). Thus, ineffective assistance of counsel claims may be disposed of based solely on a deficiency in satisfying either the "performance" prong or the "prejudice" prong. *See Strickland*, 466 U.S. at 697.

In this case, Petitioner's ineffective assistance of counsel claim fails because he cannot establish that counsel's performance was deficient. The record clearly reflects that Petitioner's § 924(c) conviction on Count Three was predicated upon possession of a firearm in furtherance of a drug trafficking crime and not predicated on a crime of violence.[2] (ECF No. 33.)

---

[2] As the United States Court of Appeals for the Fourth Circuit has recently summarized,

> The text of § 924(c) contains two definitions of a crime of violence: the force (or elements) clause and the residual clause. The force clause looks to whether a crime "has as an element the use, attempted use, or threatened use of physical force," 18 U.S.C. § 924(c)(3)(A), whereas the residual clause sought to determine whether the crime involved a "substantial risk" that

4

As Judge Gallagher of this Court has noted, "[t]he ruling in *Davis* did not impact the definition of a drug trafficking crime contained in § 924(c)(2)." *United States v. Speed*, No. SAG-10-0700, 2020 U.S. Dist. LEXIS 198598, at *2 (D. Md. Oct. 26, 2020) (denying relief under § 2255 where the petitioner raised a *Davis* claim even though he had convicted of and sentenced for "possession of a firearm in furtherance of a drug trafficking crime"). Accordingly, *Davis* is inapplicable. Counsel's performance was not deficient for failing to raise a meritless legal argument. *See, e.g.*, *Green v. United States*, Civil Action No. 1:11-cv-176, 2012 U.S. Dist. LEXIS 188230, at *14 (N.D.W. Va. Mar. 2, 2012). Accordingly, Petitioner's ineffective assistance of counsel claim fails.

## II. *Davis* Claim

Petitioner's claim under *Davis* fails for the same reasons. As noted above, *Davis* is inapplicable where, as in this case, a § 924(c) conviction is predicated upon a drug trafficking crime. Accordingly, Petitioner's *Davis* claim also fails.

## CONCLUSION

For the reasons stated above, Petitioner's Motion to Vacate pursuant to 28 U.S.C. § 2255 (ECF No. 41) is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an

---

physical force would be used, 18 U.S.C. § 924(c)(3)(B). In *United States v. Davis*, 139 S. Ct. 2319 (2019), the Supreme Court found the residual clause definition unconstitutionally vague, leaving only the force clause.

*United States v. Gillespie*, No. 21-4146, 2022 U.S. App. LEXIS 6040, at *10-11 (4th Cir. Mar. 8, 2022).

appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). Because reasonable jurists would not find Petitioner's claims debatable, a certificate of appealability is DENIED.

      A separate Order follows.

Dated: April 1, 2022

                                                                                  _____/s/_____
                                                               Richard D. Bennett
                                                                United States District Judge